IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

AKUA MOSAICS, INC.,
Defendant.

CRIMINAL NO. 24-105 (ADC)

PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant Akua Mosaics, Inc., and Defendant's counsel, Robert Becerra, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B), the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information, which in sum and substance alleges that between 2021 through in or about June 2022, in the District of Puerto Rico and elsewhere, the Defendants Kenneth Fleming and Akua Mosaics, Inc. agreed with Co-conspirator 1 and others, to defraud the United States by smuggling and clandestinely introducing, and attempting to smuggle and clandestinely introduce, porcelain mosaic tiles manufactured in the People's Republic of China (PRC) by falsely representing to the U.S. Customs and Border Protection that said merchandise was of Malaysian origin with the intent to deprive the United States

of anti-dumping, countervailing, and other duties lawfully accruing upon said tiles, in violation of 18 U.S.C. § 545.

## 2. Maximum Penalties

The maximum statutory penalty for the offense charged in Count One is a fine not to exceed $500,000 pursuant to 18 U.S.C. § 3571(c)(3); a term of probation of up to five years pursuant to 18 U.S.C. § 3561; and special monetary assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B)

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment (SMA) of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

5. **Fines and Restitution**

The Court may, pursuant to Section 8C3.1 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. For purposes of this plea agreement, the parties agree that the full restitution amount is $1,090,000, and Defendant agrees to pay this amount on a joint and several basis with Kenneth Fleming and Shuyi-Mo (a/k/a "Justin Mok"), a convicted defendant in Northern District of California Criminal No. 23-171. The parties agree that payments made toward restitution will count towards any forfeiture. The United States does not intend to collect forfeiture in addition to, or separately from, restitution.

Furthermore, Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

6. **Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

7. **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| Sentencing Guidelines Calculations Table<br>Count One<br>18 U.S.C. §§ 371, 545 | | |
|---|---|---|
| Base Offense Level | U.S.S.G. §§ 2T3.1, 2T4.1 | 20 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | -3 |
| Total Offense Level | | 17[1] |
| Sentencing Fine Range for TOL 17 is $450,000 pursuant to U.S.S.G. § 8C2.4 | | |

8. **Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that at sentencing, the United States may recommend that no fine be imposed, but will request that the Court impose restitution in accordance with what is stated in Paragraph 5 of this Plea Agreement.

The parties agree that any recommendation by either party for a sentence different from that stipulated above will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

---

[1] The parties recognize that Defendant may be entitled to a further two-level downward adjustment pursuant to U.S.S.G. § 4C1.1. If such an adjustment is granted, the fine range would be $200,000 pursuant to U.S.S.G. § 8C2.4(d).

USAO-DPR-Plea Agreement

Page | 4

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the Court imposes no fine, it waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to any term of probation, restitution, fines, and forfeiture.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Robert Becerra, Esq. and Osvaldo Carlo, Esq. and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the

assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven

those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

19. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea

Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Information which may have previously been dismissed or which may have not been previously prosecuted.

20. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### INTENTIONALLY LEFT BLANK

W. STEPHEN MULDROW

United States Attorney

_____
Seth Erbe
Assistant United States Attorney
Chief, Financial Fraud and
Corruption Section
Dated: 10/6/23

_____
Alexander L. Alum
Assistant United States Attorney
Dated: 10-6-23

_____
Robert Becerra
Counsel for Defendant
Dated: Februrary 14, 2024

_____
Akua Mosaics, Inc.
Defendant
Executed by: KENNETH FLEMING as President of AKUA MOSAICS, Ir.
Dated: 03-14-2024

_____
Osvaldo Carlo Linares
Counsel for Defendant
Dated: 03/14/2024

United States v. Akua Mosaics

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney in the English language, in which I am completely fluent. I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: February 14, 2024

Akua Mosaics, Inc.
Defendant
Executed by: KENNETH FLEMING as President of AKUA MOSAICS, INC

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I explained it in the English language Defendant, a language in which he is completely fluent. Defendant has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: February 14, 2024

Robert Becerra
Counsel for Defendant

Osvaldo Carlo Linares
Counsel for Defendant
Dated: 03/13/2024

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant admits that she is guilty as charged in Count One of the Information and admits the following:

### Relevant Persons and Entities

U Fair Tile and Mosaic Co., Ltd. ("U Fair") was a company based in Guangdong, People's Republic of China ("PRC") that, among other things, claimed to design porcelain mosaic tiles.

Neviews Development Co. Ltd. ("Neviews") was a company based in Hong Kong that was affiliated with U Fair. Among other things, Neviews exported PRC-manufactured mosaic tiles to various countries, including the United States.

Morro Marketing Enterprise ("Morro") was a purported Malaysia-based, supplier of mosaic tiles.

Co-Conspirator 1 was a PRC citizen residing in Guangdong, PRC. He self-identified on social media as the "general sales manager" of U Fair and as the "exporting manager" of Neviews. Co-Conspirator 1 also served as the point of contact for Morro.

Akua Mosaics, Inc. was an entity incorporated under the laws of Puerto Rico that, among other things, imported porcelain tiles to Puerto Rico from Neviews and Morro. Defendant Kenneth Fleming was the president, secretary, treasurer, and agent of Akua Mosaics, Inc.

## Duties Imposed on Certain Goods Manufactured in PRC

A countervailing duty is a tax imposed on imported goods that is designed to offset subsidies made to producers of these goods in the country of export. As of in or about 2021 and continuing through the date of the return of this Information, porcelain mosaic tiles manufactured in PRC and imported into the United States were subject to a countervailing duty of 358.81% of the value of the imported merchandise.

An anti-dumping duty is a tax imposed on imported goods that are priced below their fair market value. As of in or about 2021 and continuing through the date of the return of this Information, porcelain mosaic tiles manufactured in PRC were subject to anti-dumping duties of 330.69% of the value of the imported merchandise.

Pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. §§ 2411-2420, and Presidential Proclamation 9693 issued on January 23, 2018, porcelain mosaic tiles manufactured in PRC were subject to duties of 25% of the value of the imported merchandise.

Beginning on a date unknown but not later than in or about 2021, and continuing through in or about June 2022, Kenneth Fleming, Co-conspirator 1 and Akua Mosaics, Inc., aiding and abetting each other, devised and intended to devise a scheme to defraud the United States of duties lawfully owed to it, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

Beginning on a date unknown but not later than in or about 2021 and continuing through in or about June 2022, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court, the defendant, Kenneth Fleming did knowingly and willfully conspire and agree with Akua Mosaics, Inc., Co-conspirator 1, and others to defraud the United States by smuggling and clandestinely introducing, and attempting to smuggle and clandestinely introduce, porcelain mosaic tiles manufactured in PRC, by falsely representing to the U.S. Customs and Border Protection that said merchandise was of Malaysian origin with the intent to deprive the United States of anti-dumping, countervailing, and other duties lawfully accruing upon said tiles, contrary to 18 U.S.C. § 545

### Object of the Conspiracy

The object of the conspiracy was for Kenneth Fleming, Akua Mosaics, Inc. and Co-conspirator 1 to help each other and others evade payment to the United States of duties lawfully owed on porcelain mosaic tiles manufactured in PRC.

### Overt Acts

One or more overt acts were committed in furtherance of the conspiracy, including, but not limited to, the following:

    a. On a particular date unknown, but between in or about October 2021 and in or about January 2022, Co-conspirator 1, Akua Mosaics, Inc. and Kenneth Fleming aiding and abetting each other and others, caused a container with porcelain tiles manufactured in PRC to be shipped from PRC to Malaysia.

b. On a particular date unknown, but between in or about October 2021 and in or about January 2022, Kenneth Fleming, Akua Mosaics, Inc. and Co-conspirator 1, aiding and abetting others, caused "Made in Malaysia" labels to be placed on boxes containing porcelain tiles manufactured in PRC.

c. On a particular date unknown, but between in or about October 2021 and in or about January 2022, Kenneth Fleming, Akua Mosaics, Inc. and Co-conspirator 1, aiding and abetting each other and others, caused "Made in Malaysia" labels to be placed on boxes containing porcelain tiles manufactured in PRC.

d. On or about January 22, 2022, Kenneth Fleming aiding and abetting Co-conspirator 1 and others, caused a container with porcelain tiles manufactured in PRC to be shipped from Malaysia to Puerto Rico.

e. In or about March 2022, Kenneth Fleming, aiding and abetting Co-conspirator 1 and others, caused the country of origin of porcelain mosaic tiles that arrived in Puerto Rico to be misrepresented as Malaysia, when the country of origin was, in fact, PRC.

As a result of the criminal conduct described herein, the United States was unlawfully deprived of $1,090,000 in duties and tariffs.

All in violation of 18 U.S.C. §§ 371 and 545.

_____
Alexander L. Alum
Assistant United States Attorney
Dated: 10-6-23

_____
Robert Becerra
Counsel for Defendant
Dated: February 14, 2024

_____
Akua Mosaics, Inc.
Defendant
Executed by: KENNETH FLEMING as President of AKUA MOSAICS, IN
Dated: 03-14-2024

_____
Osvaldo Carlo Linares
Counsel for Defendant
Dated: 03/13/2024